**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **Dr. SHAHRIAR SEDGHI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-249 (MTT)** |
| | ) | |
| **THE CINCINNATI INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff Dr. Shahriar Sedghi filed this action for breach of contract and bad faith arising from a coverage dispute with the Defendant, The Cincinnati Insurance Company, in the State Court of Bibb County in April 2026. ECF 1-2 at 1. The Defendant removed this action to this Court on June 17, 2026. ECF 1. The Defendant now moves to transfer this action to the Northern District of Georgia. ECF 7. For the reasons that follow, the Defendant's motion to transfer is **DENIED**.

**I. DISCUSSION**

The parties agree that venue is proper in this Court. ECF 7 ¶ 4; 8 at 2. However, under 28 U.S.C. § 1404(a), the Court may order a transfer of the case "for the convenience of parties and witnesses" and "in the interests of justice." Under § 1404(a), transfer is proper in any district or division where the case "might have been brought" or one to which "all parties have consented." To determine whether transfer is appropriate, the Court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Fulton County, Georgia, where the property at issue in this litigation is located, is in the Northern District. ECF 1-2 ¶ 5. Thus, the Defendant requests transfer to a district where this action might have been brought under 28 U.S.C. § 1391(b)(2). However, considering the above factors, the Court concludes that transfer under § 1404(a) is inappropriate.

The Defendant contends that the factors weigh in favor of a transfer because the insured property is located in Fulton County and evidence and witnesses concerning the property are "expected to be located in or near the Northern District of Georgia." ECF 7 ¶ 9. However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)). The Plaintiff chose to bring this action in Bibb County, Georgia, where his primary residence and place of work are located, and he opposes transfer. *See* ECF 8.

The Defendant has not shown that its interests in litigating in the Northern District clearly outweigh the Plaintiff's interest in litigating in his chosen forum. The claims at issue are breach of contract and bad faith, which primarily involve documentary evidence, such as the insurance policy, that can be easily accessed electronically. The Defendant has not identified any witnesses that will be unable to travel to the Middle District, which is located near the Northern District. And although the Defendant's

registered agent is located in Gwinnett County, Georgia, the Defendant is an Ohio insurance company with offices in both the Middle and Northern Districts. ECF 7 ¶ 1; 8 at 4. However, the Plaintiff has represented that requiring him to travel to the Northern District for proceedings will disrupt his work and will pose “a significant inconvenience to him.” ECF 8 at 4. Thus, the Court concludes that the relevant factors weigh in favor of maintaining this action in the Plaintiff’s chosen forum.

## II. CONCLUSION

Accordingly, the Defendant’s motion to transfer (ECF 7) is **DENIED**.

**SO ORDERED**, this 7th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT